# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO AGUILAR VASQUEZ,<br><br>                              Petitioner,<br>        v.<br>DOMINGO URIBE, JR., Warden,<br><br>                              Respondent. | Civil No.   13cv0273-MMA (BGS)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging the decision of the prison administration to validate him as a prison gang member and place him in the Secure Housing Unit as a result of the validation. The Petition is subject to dismissal because Petitioner has failed to either pay the $5.00 filing fee or to move to proceed in forma pauperis, and because he has failed to allege exhaustion of state court remedies.

## **FILING FEE REQUIREMENT**

Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. See Rule 3(a), 28 U.S.C. foll. § 2254. If Petitioner wishes to proceed with this case, he must submit, **no later than April 8, 2013,** a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee.

**FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

Further, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in Duncan v. Henry, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." Id. at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." Id. at 366 (emphasis added).

Nowhere in the Petition does Petitioner allege that he raised his claims in the California Supreme Court. If Petitioner has raised his claims in the California Supreme Court he must so specify.[1] Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

---

[1] Although Petitioner alleges he has exhausted his "administrative remedies" (see Pet. at 7), it appears he has not raised his claims in the California Supreme Court. If Petitioner chooses to present his claims in a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 rather than on habeas, exhaustion of state court remedies is not required, but exhaustion of administrative remedies is all that is required. Challenges to the fact or duration of confinement are properly brought in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, whereas challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. See Preiser v. Rodriguez, 411 U.S. 475, 488-500 (1973). When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he or she seeks is a determination that he or she is entitled to immediate release or a speedier release, the sole federal remedy is a writ of habeas corpus. Id. at 500; see also Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (holding that where the duration of confinement is at issue, a prisoner must first invalidate the conviction or administrative proceeding which gave rise to the confinement before filing a § 1983 action); Edwards v. Balisok, 520 U.S. 641, 648 (applying Heck to prison disciplinary proceedings which resulted in the loss of custody credits which therefore effected the duration of confinement). On the other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of prison life but not to the length of custody. Preiser, 411 U.S. at 499; McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811-12 (10th Cir. 1997). The Court in Preiser left open the possibility of assertion of a conditions-of-confinement claim in a habeas application where additional and unconstitutional restraints are at issue, and it therefore appears that Petitioner may elect to proceed with his claim

The Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); see <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999); <u>but see</u> <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001).

## **CONCLUSION**

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that

---

(contending that he has been placed in the Secure Housing Unit as a result of his improper classification as a gang member) under either 28 U.S.C. § 2254 or 42 U.S.C. § 1983. See <u>Preiser</u>, 411 U.S. at 499 ("This is not to say that habeas corpus may not also be available to challenge such prison conditions. When a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal.")

-3-  13cv0273

the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has failed to satisfy the filing fee requirement and has failed to allege exhaustion of his state court remedies.

Based on the foregoing, the Court **DISMISSES** this action without prejudice. If Petitioner wishes to proceed with this case, he must submit, **no later than April 8, 2013,** a copy of this Order with the $5.00 filing fee or with adequate proof of his inability to pay the fee **and** file a First Amended Petition which cures the defects identified above. **Petitioner is cautioned that if he has not alleged exhaustion of his state court remedies on or before April 8, 2013, he will be required to file a new action which will be given a new civil case number.** The dismissal is also without prejudice to Petitioner to present his claims in a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 if he wishes. The Clerk of Court shall send a blank Southern District of California In Forma Pauperis Application, a blank Southern District of California amended petition form, and a blank Southern District of California § 1983 Civil Rights Complaint form to Petitioner along with a copy of this Order.

**IT IS SO ORDERED**.

DATED: February 6, 2013

Hon. Michael M. Anello
United States District Judge